UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

Shon Ashby
Jhonier Alonso Rojas Herrera
**Plaintiffs** (pro se)

CASE: 18CV614

ORIGIONAL COMPLAINT
INFRINGEMENT OF DUE PROCESS RIGHTS;
AND UNCONSTITUTIONAL FEDERAL
REGULATIONS;

v.

DEMAND FOR JURY REQUESTED

United States Department of State
United States Department of Justice
Bureau of Consular Affairs
Donald J. Trump
Mike Pompeo
Carl Risch
Jeff Sessions
Stacey I. Young
**Defendants**

JURISDICTION

1. This Court is proper jurisdiction, because the issue raised is a constitutional issue, pursuant to 42 U.S.C. § 1983. This Court holds sole jurisdiction to hear all issues raised under 42 U.S.C. § 1983; and or, consisting of the depervation of the *Plaintiffs Due Process Rights*, and any other fundamental rights granted under Constitutional law.

This Court also holds sole jurisdiction to hear all *Equal Protection claims*, related to the depervation of the Plaintiffs Fifth and Fourteenth Amendment Rights under the United States Constitution. *Bolling v. Sharpe (1954)*

The Plaintiffs bring this action/claim; pursuant to the depervation of their Due Process Rights, and or, the depervation of Equal Protection of the Law.

2. This Claim is also brought, under The Immigration and Nationality Act; which this Court holds sole jurisdiction to hear all claims arising from such Federal Statute.

## STATEMENT OF CLAIM ONE

3. The Plaintiffs, for their first claim, state that the Defendants have denied them equal protections of the law, and denied them equal access to their fundamental right to religious association, religious assembly, and the right to equally practice and communicate their religion.

   The Plaintiffs are granted equal protection and due process of the law, pursuant to The United States Constitution.

4. The Defendants have created a Federal program, SEVP, which allows other U.S. religious institutions/businesses, to pay fees to the Defendant, for access to nonimmigrants under the F-1, M-1, and J-1 visas.

   These religious institutions are granted through the Federal SEVP program, the ability to express, and communicate religious study and religious training with the non-immigrants attending their institutions.

5. The Defendants, have created a Federal regulation, (9 FAM 402.5-5 E and 9 FAM 402.5-5 E-1) which grants easier access to non-immigrants, for U.S. institutions under the Federal SEVP program to express, and communicate religious study and religious training with non-immigrants.
*(Copy of this Regulation Attached - Attachment One)*
This Federal regulation, (9 FAM 402.5-5 E and 9 FAM 402.5-5 E-1) allows the Defendants to discriminate based on the AGE of the non-immigrant visa applicant.

6. The Defendants use this Federal regulation, (9 FAM 402.5-5 E and 9 FAM 402.5-5 E-1); to allow F-1, M-1, J-1 nonimmigrant visa applicants to supersede the "immigrant intent" 214(b) provision of The Immigration and Nationality Act. This Federal FAM regulation, allows "younger" applicants, whom should be subjected to "immigrant intent", to be treated with less scrutiny, while older non-immigrant applicants are subjected to a more harsh application of immigrant intent, as the Plaintiffs have been subjected to.

7. The Defendants, use this AGE discrimination FAM regulation upon non-immigrants/applications, in so, that religious institutions in the SEVP program have greater access to non-immigrants, granting these other business/religious institutions greater access to associate, express, and communicate religious study and religious training with the non-immigrants, and also, to create more profits for these religious institutions/businesses, than is afforded to the Plaintiff's institution and to the Plaintiffs themselves.

This Age based discrimination perk, (FAM regulation) also grants ALL institutions within the SEVP program, a financial benefit, and association, and right to assemble benefit with nonimmigrants, not granted to the Plaintiffs, or to the Plaintiffs institution.

8. The Plaintiffs seek to associate, express, and communicate religious study and religious training with each other, in The United States, as is afforded to other institutions and nonimmigrants.

   The Defendants, through the FAM regulations indicated in this complaint, are denying the Plaintiff's equal access to associate/assemble, express, and communicate religious study and religious training with each other, as they are due, under The United States Constitution.

9. The Defendants, are allowing broader religious association, for select institutions, through the SEVP program, by and through, the unconstitutional FAM regulation named here in.

10. The Plaintiffs through the B-1 visa process, is NOT being afforded equal protection of the law, nor are the Plaintiffs being allowed equal access to associate/assemble, express, and communicate religious study and religious training with each other, as afforded to those institutions and nonimmigrants under the F-1, M-1, and J-1 visas.

    The Plaintiff reminds the Court, that religious study and religious training, are <u>equally</u> approved activities, under categories, F-1, M-1, J-1 and B-1 visas.

The Plaintiffs applying under a B-1 visa category, for the approved activity of religious training, and religious training, and assembly, should not be subjected to an adjudication process that allows for AGE discrimination.
Younger applicants should have go through the same level of scrutiny as the Plaintiffs, to enjoy their opportunities of religious training and religious study.

11. The Defendants are aware that institutions of SOLE religious study and training are being allowed into the SEVP program, for the purpose of associating expressing, and communicating religious study and religious training with nonimmigrants.

12. The Plaintiffs for their first claim, seek equal protection, in the adjudication of the B-1 visa application, in so, that AGE discrimination is no longer allowed in the adjudication process of issuance of a B-1 visa application, and that they are no longer subjected to AGE based scrutiny, and have equal access in the association/assembly, expressing, and communicating religious study and religious training with each other, as being afforded to other religious institutions under the SEVP program. The Plaintiffs have been denied access to religious assembly/association, by the visa adjudication policy, which allows for age discrimination. The Plaintiffs application for a B-1 visa was adjudicated, by and through, age discrimination policies, on December 2017.

13. The INA's *provision (214(b)* and it's Congressional intent states that *EVERY* alien/nonimmigrant, is to be subjected to "immigrant intent".
*EVERY* F-1, J-1, M-1, B-1 Visa applicant/alien is to be subjected to the 214(b) provision. The Statute word, *EVERY* does not allow for such diverse scrutiny as age discrimination. The Immigration and Nationality Act, and its "immigrant intent" provision 214 (b); does NOT state, that "younger" students may

supersede the "presumption" in 214 (b) due to their younger age. Therefore, the FAM Regulations mentioned here in should be deemed discriminatory, and unconstitutional by this Court.

14. The Federal Courts have always frowned upon AGE discrimination, because discriminating based on AGE, does NOT allow equal access to the fundamental rights granted in The United States Constitution, and bars equal access to fundamental privileges, such as religious assembly and religious training.

    By the Defendants malicious, and wantonly allowing age discrimination, in the adjudication process of visa issuances, this violates the due process and equal protection clauses of The United States Constitution, because it affords unequal treatment, and causes the Plaintiffs through such malicious, and wanton conduct, a depervation of their fundamental rights, as claimed here in.

15. The Plaintiffs bring this suit against Donald J. Trump; because he holds the duty of care, to insure that the laws of The United States, are faithfully executed, within congressional intent. Age discrimination is not the intent of Congress, here in this claim, therefore, Donald J. Trump has failed to faithfully execute statute, which has harmed the Plaintiffs. The Plaintiffs bring this suit against The United States Department of State, The United States Department of Justice, Department of Justice Attorney, Stacey Young, and The Bureau of Consular Affairs, due that these agencies, adjudicate the policies here in, by and through, age based discrimination to visa applicants, and the institutions dependent upon the association/assembly of the nonimmigrant applicants, and that Stacey Young placed a false statement in Federal Court, not allowing the Plaintiffs access to a fair

Court proceeding, as they are afforded under due process laws, of the Constitution. The Plaintiffs bring this suit against Mike Pompeo, Carl Risch and Jeff Sessions, due that they enforce the policies here in, which allow for age discrimination. Though not filed as a Defendant, <u>but may request to be added</u>, Congressman Ted Budd, of North Carolina, has chosen to ignore his Congressional responsibilities, to his constituents, in not calling for an investigation and probe, to the alleged actions of age discrimination and miss use, and miss application of a Congressional statute, which has caused a depervation of the Plaintiff's Constitutional rights.

## CLAIM ONE - PRAYER FOR RELIEF

16. Because the Defendants state, and advertise, that visa applications are adjudicated under The Immigration and Nationality Act and through other U.S. laws, which should not allow for AGE based discrimination through adjudication, the Plaintiff seeks any and ALL visa application fees returned. The Plaintiffs were not told by the Defendants, that the application adjudication process includes AGE based discrimination, therefore, Plaintiffs were Fraud of their finances in the amount of ALL visa application fees paid to the Defendants.

17. The Plaintiffs requests that the Defendants return and pay, for all the attorneys fees, in which the Plaintiff's paid, for the preparation of visa applications, which was subjected to such AGE based discrimination of the Defendants, claimed here, or as to be proven in this Court.

18. The Plaintiffs seek a Court Order for injunctive relief, which would deem the Federal regulations 9 FAM 402.5-5 E and 9 FAM 402.5-5 E-1 to be unconstitutional,

on the grounds they violate equal protection and due process of The United States Constitution. The Defendants, in their visa categories mentioned here in, allow for equal access to nonimmigrants for ALL institutions of such visa categories listed. When AGE discrimination is allowed in law, then such law or regulation does not provide equal access to the benefits of that law. In this case, that benefit is association with nonimmigrants. The Defendants FAM regulations mentioned here in, does NOT allow for equal access to nonimmigrants, rather, institutions in SEVP program are treated different, due to the AGE discrimination ability of this FAM regulation; not allowing equal religious association/assembly.

19. The Plaintiffs seek $100,000.00 in punitive damages, for the Defendants violating their Due Process Rights, and or, Equal Protection Rights, as afforded by The United States Constitution, or an amount that is allowed under law.

20. The Plaintiffs seek a Court injunction - Court order, that will prohibit Counselor officers in Bogota, Colombia, from using the FAM Regulation mentioned here in, which allows AGE based discrimination in the visa adjudication process.

21. The Plaintiffs seek all the above damages, and all court costs, and any damages not yet mentioned, which are proved in future Court proceedings.

July 12th 2018

Respectfully Submitted,

Shon Ashby
Jhonier Alonso Rojas Herrera

CONTACT INFORMATION FOR
BOTH PLAINTIFFS
P.O. Box 2373                                          (*Mailing Address for Both Plaintiffs*)
Salisbury, NC. 28145
court@silver-starenterprises.com    (*Email for Both Plaintiffs*)
www.Silver-StarEnterprises.com      (*Use Contact Form on Website- Optional*)
(615) 293-2542                                       (*Phone Number for Both Plaintiffs*)

Shon Ashby   (Pro Se)

_____

Also:

Submitted By:

_____ (Pro Se)
Jhonier Alonso Rojas Herrera
Calle 14 #22-31
Barrio el Jardin
Tulua Valle Colombia 763021